JUDGE SAND

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 21 2007
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :     INDICTMENT

      - v. -                          :

HENRY ALBERTO TOBON-CADAVID,        :     07 Cr.
JULIAN DARIO HENAO-VERGARA, and     :
NATALIE RIOS-CANO,                  :     07 CRIM. 441

             Defendants.     :

- - - - - - - - - - - - - - - - -x


## COUNT ONE

    The Grand Jury charges:

    1.   In or about December 2006, in Medellin, Colombia, and elsewhere, HENRY ALBERTO TOBON-CADAVID, JULIAN DARIO HENAO-VERGARA, and NATALIE RIOS-CANO, the defendants, and others known and unknown, unlawfully, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

    2.   It was a part and an object of the conspiracy that HENRY ALBERTO TOBON-CADAVID, JULIAN DARIO HENAO-VERGARA, and NATALIE RIOS-CANO, the defendants, and others known and unknown, would and did distribute a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, intending and knowing that such controlled substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast

of the United States, in violation of Sections 812, 959, 960(a)(3) and (960)(b)(1)(A) of Title 21 of the United States Code.

## MEANS AND METHODS OF THE CONSPIRACY

3.  Among the means and methods by which HENRY ALBERTO TOBON-CADAVID, JULIAN DARIO HENAO-VERGARA, and NATALIE RIOS-CANO, the defendants, and their co-conspirators would and did carry out the conspiracy were the following:

   a.  At all times relevant to this Indictment, TOBON-CADAVID was employed by the Colombian National Police, Airport Police Unit, and assigned to the Jose Maria Cordova International Airport in Medellin, Colombia.

   b.  At all times relevant to this Indictment, HENAO-VERGARA was employed by the Colombian National Police, Airport Police Unit, and assigned to the Jose Maria Cordova International Airport in Medellin, Colombia.

   c.  RIOS-CANO was a scheduled passenger on an Avianca Airline flight (hereinafter, the "Avianca Flight") scheduled to depart from the Jose Maria Cordova International Airport for John F. Kennedy Airport in Queens, New York, on or about December 17, 2006.

   d.  On or about December 17, 2006, TOBON-CADAVID and HENAO-VERGARA were assigned to conduct security screening of passengers scheduled to travel on the Avianca Flight.

2

   e. On or about December 17, 2006, TOBON-CADAVID and HENAO-VERGARA attempted to assist RIOS-CANO in clearing security checkpoints for the Avianca Flight, while knowing RIOS-CANO was in possession of heroin.

Overt Acts

   4. In furtherance of the conspiracy, and to effect the illegal object thereof, the following acts, among others, were committed in Medellin, Colombia:

   a. On or about December 17, 2006, JULIAN DARIO HENAO-VERGARA, the defendant, told a security assistant for Avianca Airline to allow NATALIE RIOS-CANO, the defendant, through a security checkpoint.

   b. On or about December 17, 2006, HENRY ALBERTO TOBON-CADAVID, the defendant, told another police officer that TOBON-CADAVID had inspected RIOS-CANO's luggage.

   c. On or about December 17, 2006, RIOS-CANO possessed approximately three kilograms of heroin concealed in her clothing and luggage.

   (Title 21, United States Code, Section 963.)

<b>FORFEITURE ALLEGATION</b>

   5. As a result of committing the controlled substance offenses alleged in Count One of this Indictment, HENRY ALBERTO TOBON-CADAVID, JULIAN DARIO HENAO-VERGARA, and NATALIE RIOS-CANO,

the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count One of this Indictment.

### Substitute Assets Provision

6. If the above-described forfeitable property, as a result of any act or omission of the defendants:

   (A) cannot be located upon the exercise of due diligence;

   (B) has been transferred or sold to, or deposited with, a third person;

   (C) has been placed beyond the jurisdiction of the Court;

   (D) has been substantially diminished in value; or

   (E) has been commingled with other property which cannot be subdivided without difficulty;

4

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

_____        _____
FOREPERSON                        MICHAEL J. GARCIA
                                  United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

HENRY ALBERTO TOBON-CADAVID,
JULIAN DARIO HENAO-VERGARA, and
NATALIE RIOS-CANO,

Defendants.

**INDICTMENT**

07 Cr.

(Title 21, United States Code, Section 963.)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson

5/21/07 Indictment filed. A/Ws issued for all defts. Case assigned to Judge Sand.
Fox, J.