ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| UNITED STATES OF AMERICA | SEALED INDICTMENT |
| - v. - | S2 07 Cr. 441 (LBS) |
| HUMBEIRO CARVAJAL-MONTOYA,<br>    a/k/a "Victor,"<br>    a/k/a "Victorino,"<br>DIANA PATRICIA LOPEZ,<br>MANUEL JULIAN LOPEZ-NAIZZIR,<br>    a/k/a "El Costeño,"<br>    a/k/a "El Costeñito,"<br>JULIAN DARIO HENAO-VERGARA,<br>GERMAN SOTO-VILLA,<br>ELKIN FERNANDO DAZA-RIOS,<br>HENRY ALBERTO TOBON-CADAVID, and<br>NATALIE RIOS-CANO,<br><br>            Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 11/5/09 |

- - - - - - - - - - - - - - - - - -x

**COUNT ONE**

The Grand Jury charges:

1.   From at least in or about August 2006 up to and including in or about September 2007, in Medellin, Colombia, and elsewhere, HUMBEIRO CARVAJAL-MONTOYA, a/k/a "Victor," a/k/a "Victorino," DIANA PATRICIA LOPEZ, MANUEL JULIAN LOPEZ-NAIZZIR, a/k/a "El Costeño," a/k/a "El Costeñito," JULIAN DARIO HENAO-VERGARA, GERMAN SOTO-VILLA, ELKIN FERNANDO DAZA-RIOS, HENRY ALBERTO TOBON-CADAVID, and NATALIE RIOS-CANO, the defendants, and others known and unknown, unlawfully, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that HUMBEIRO CARVAJAL-MONTOYA, a/k/a "Victor," a/k/a "Victorino," DIANA PATRICIA LOPEZ, MANUEL JULIAN LOPEZ-NAIZZIR, a/k/a "El Costeño," a/k/a "El Costeñito," JULIAN DARIO HENAO-VERGARA, GERMAN SOTO-VILLA, ELKIN FERNANDO DAZA-RIOS, HENRY ALBERTO TOBON-CADAVID, and NATALIE RIOS-CANO, the defendants, and others known and unknown, would and did distribute a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, intending and knowing that such controlled substance would be unlawfully imported into the United States and into waters within a distance of twelve miles of the coast of the United States, in violation of Sections 812, 959(a), 960(a)(3) and 960(b)(1)(A) of Title 21 of the United States Code.

MEANS AND METHODS OF THE CONSPIRACY

3. Among the means and methods by which HUMBEIRO CARVAJAL-MONTOYA, a/k/a "Victor," a/k/a "Victorino," DIANA PATRICIA LOPEZ, MANUEL JULIAN LOPEZ-NAIZZIR, a/k/a "El Costeño," a/k/a "El Costeñito," JULIAN DARIO HENAO-VERGARA, GERMAN SOTO-VILLA, ELKIN FERNANDO DAZA-RIOS, HENRY ALBERTO TOBON-CADAVID, and NATALIE RIOS-CANO, the defendants, and their co-conspirators would and did carry out the conspiracy were the following:

a. At all times relevant to this Indictment, CARVAJAL-MONTOYA was the leader of a drug trafficking organization (the "CARVAJAL-MONOTYA Organization") that smuggled

2

heroin into the United States from Colombia through the Jose Maria Cordoba International Airport in Medellin, Colombia ("Medellin Airport"). The CARVAJAL-MONTOYA Organization included, among others, a network of law enforcement officials and airport and airline personnel who facilitated the export of heroin through Medellin Airport. The Organization smuggled heroin from Colombia to the United States by concealing the heroin inside layers of clothing worn by couriers, within the linings of suitcases and handbags, beneath the false bottoms of suitcases, and inside computers and international cargo, among other means. The Organization sent couriers at least once a month from the Medellin area of Colombia to New York City, with each courier carrying between several hundred grams to several kilograms of heroin at a time.

    b. At all times relevant to this Indictment, LOPEZ was CARVAJAL-MONTOYA's spouse and collaborated with CARVAJAL-MONTOYA in organizing heroin couriers.

    c. From in or about May 2006 up to and including in or about December 2006, LOPEZ-NAIZZIR was employed by the Colombian National Police ("CNP"), Airport Police Unit, and assigned to Medellin Airport.

    d. From in or about April 2005 up to and including in or about December 2006, HENAO-VERGARA was employed

by the CNP, Airport Police Unit, and assigned to Medellin Airport.

   e. From in or about September 2005 up to and including in or about December 2006, TOBON-CADAVID was employed by the CNP, Airport Police Unit, and assigned to Medellin Airport.

   f. LOPEZ-NAIZZIR, HENAO-VERGARA, and TOBON-CADAVID were members of the CARVAJAL-MONTOYA Organization and used their positions as law enforcement officers to clear heroin couriers through passenger or cargo inspection points.

   g. At all times relevant to this Indictment, SOTO-VILLA was employed as a security supervisor for the Duty Free Zone near Medellin Airport, and coordinated shipments of heroin for the CARVAJAL-MONTOYA Organization.

   h. At all times relevant to this Indictment, DAZA-RIOS was employed at the international cargo facility of Avianca Airline ("Avianca") at Medellin Airport, and coordinated shipments of heroin for the CARVAJAL-MONTOYA Organization.

   i. RIOS-CANO was a heroin courier for the CARVAJAL-MONTOYA Organization and attempted to smuggle approximately three kilograms of heroin onto an Avianca flight bound for John F. Kennedy International Airport ("JFK Airport") in New York City.

Overt Acts

4. In furtherance of the conspiracy, and to effect the illegal object thereof, the following acts, among others, were committed in Medellin, Colombia, and elsewhere:

a. On or about September 17, 2006, a courier not named as a defendant herein ("Courier-1"), who was a member of the CARVAJAL-MONTOYA Organization, was arrested after disembarking from an Avianca flight at JFK Airport with approximately one kilogram of heroin concealed inside a laptop computer.

b. On or about September 28, 2006, GERMAN SOTO-VILLA, the defendant, and a co-conspirator not named as a defendant herein ("CC-1") spoke on the telephone about a missing courier.

c. On or about November 1, 2006, another courier not named as a defendant herein ("Courier-2"), who was an Avianca flight attendant and a member of the CARVAJAL-MONTOYA Organization, was arrested at Medellin Airport with approximately 800 grams of heroin concealed in her clothing and bags.

d. On or about November 3, 2006, HUMBEIRO CARVAJAL-MONTOYA, a/k/a "Victor," a/k/a "Victorino," and another co-conspirator not named as a defendant herein ("CC-2") spoke on the telephone about the arrest of Courier-2.

5

    e. On or about November 17, 2006, DIANA PATRICIA LOPEZ and MANUEL JULIAN LOPEZ-NAIZZIR, a/k/a "El Costeño," a/k/a "El Costeñito," the defendants, spoke on the telephone about arranging another shipment of heroin to be concealed in clothing and luggage.

    f. On or about December 2, 2006, ELKIN FERNANDO DAZA-RIOS, the defendant, spoke with LOPEZ on the telephone and warned her that they were being surveilled.

    g. On or about December 17, 2006, JULIAN DARIO HENAO-VERGARA, the defendant, told an Avianca security assistant to allow NATALIE RIOS-CANO, the defendant, who was a scheduled passenger on an Avianca flight, to pass through a security checkpoint.

    h. On or about December 17, 2006, HENRY ALBERTO TOBON-CADAVID, the defendant, told another police officer who was about to inspect RIOS-CANO's luggage that TOBON-CADAVID had already inspected RIOS-CANO's luggage.

    i. On or about December 17, 2006, RIOS-CANO possessed approximately three kilograms of heroin concealed in her clothing and luggage.

    j. On or about December 18, 2006, CARVAJAL-MONTOYA and SOTO-VILLA spoke on the telephone about the arrest of RIOS-CANO.

k. On or about December 28, 2006, LOPEZ-NAIZZIR spoke with LOPEZ on the telephone and warned her that her name appeared in a law enforcement report.

l. On or about February 1, 2007, LOPEZ-NAIZZIR spoke with CARVAJAL-MONTOYA on the telephone and discussed the possibility of another narcotics transaction.

m. On or about February 5, 2007, another heroin courier not named as a defendant herein ("Courier-3"), who was a member of the CARVAJAL-MONTOYA Organization, was arrested at JFK Airport after disembarking from an Avianca flight with approximately five kilograms of heroin concealed in a suitcase.

n. On or about February 7, 2007, CARVAJAL-MONTOYA and DAZA-RIOS spoke on the telephone about the arrest of Courier-3.

o. On or about February 18, 2007, another heroin courier not named as a defendant herein ("Courier-4"), who was a member of the CARVAJAL-MONTOYA Organization and a scheduled passenger on an Avianca flight, was arrested at Medellin Airport with approximately four kilograms of heroin concealed in a suitcase.

(Title 21, United States Code, Section 963.)

FORFEITURE ALLEGATION

5.  As a result of committing the controlled substance offenses alleged in Count One of this Indictment, HUMBEIRO CARVAJAL-MONTOYA, a/k/a "Victor," a/k/a "Victorino," DIANA PATRICIA LOPEZ, MANUEL JULIAN LOPEZ-NAIZZIR, a/k/a "El Costeño," a/k/a "El Costeñito," JULIAN DARIO HENAO-VERGARA, GERMAN SOTO-VILLA, ELKIN FERNANDO DAZA-RIOS, HENRY ALBERTO TOBON-CADAVID, and NATALIE RIOS-CANO, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count One of this Indictment.

Substitute Assets Provision

6.  If the above-described forfeitable property, as a result of any act or omission of the defendants:

> (A)  cannot be located upon the exercise of due diligence;
>
> (B)  has been transferred or sold to, or deposited with, a third person;
>
> (C)  has been placed beyond the jurisdiction of the Court;

      (D)   has been substantially diminished in value; or

      (E)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)


_____  _____
FOREPERSON                         MICHAEL J. GARCIA
                                   United States Attorney

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

HUMBEIRO CARVAJAL-MONTOYA,
a/k/a "Victor,"
a/k/a "Victorino,"
DIANA PATRICIA LOPEZ,
MANUEL DE JESUS LOPEZ-NAIZIR,
a/k/a "El Costeño,"
a/k/a "El Costeñito,"
JULIAN DARIO HENAO-VERGARA,
GERMAN SOTO-VILLA,
ELKIN FERNANDO DAZA-RIOS,
HENRY ALBERTO TOBON-CADAVID,
and
NATALIE RIOS-CANO,

Defendants.

### SEALED INDICTMENT

S2 07 Cr.441 (LBS)

(Title 21, United States Code, Section 963.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson

11/5/07 SRM  Filed indictment. Case assigned to Judge Marrero. A/w issued for all defendants.   Filed under seal.
—Francis, J.